We have three argued cases this morning. The first is No. 22-1869, Vest v. McDonough. This is Sunday. May it please the Court, Amanda Sunday appearing on behalf of disabled veteran Herbie D. Vest. The Veterans Court's error can be found in the appendix at page 7, where it states that, Ultimately, because the Board addressed only the issue of whether the March 1972 filing constituted a Notice of Disagreement, and because the issue of defective notice was not within the scope of the appeal before the Board, the Court does not have jurisdiction to address that question. The Veterans Court confused its discretion to hear a novel legal argument with its jurisdiction to review a decision of the Board. And the Secretary views the Veterans Court's decision as a proper discharge of jurisdiction under the Issue Exhaustion Doctrine. But this cannot be the case, because the Veterans Court's holding and the Secretary's position violate this Court's authority in Magie v. Vest. Could we sort of get to the merits so we understand what the argument is? In the opening brief, you say that, under our case law, that the failure to give notice of appeal rights renders the decision, the 1971 decision, non-final. As I read your reply brief, you're not pursuing that argument because the government points out that the 1971 regulation says that failure of notice does not create lack of finality, and you're arguing instead that the good cause exception applies. Am I reading your briefing correctly? Your Honor, yes, insofar as the opening brief and what position was contained there. In response to the Secretary's argument that the regulations ex-sin at the time did not provide for equitable tolling based on failure to provide appellate rights, Mr. Vest's position is that equitable tolling is not relevant to this case, and that is because the rating decision itself never became final. Thus, the one-year clock within which to file an appeal never began to run. You're not relying on the good cause exception? No, Your Honor. So what renders it non-final then? The failure to include appellate rights with the September 1971 decision. But the regulation from 1971 says that doesn't render it non-final. Your Honor, the regulation from 1971 is 38 CFR 3.103, and that does require notice of appellate rights be included with a final decision. The Secretary is referencing a separate provision, which pertains to equitable tolling, which would be the time in which to file an appeal from a final decision. So Mr. Vest is not invoking the good cause exception. His position would be just like in AG v. Peek, where this court took jurisdiction and presided over a substantially— Is your theory that the Secretary is misreading the 71 regulations? No, Your Honor. Not that the Secretary is misreading them, but that that particular regulation for equitable tolling is not applicable, because the 1971 decision never became final, just like the decision in AG, where this court reviewed the Veterans Court's decision, which only related to a theory of clear and unmistakable error, a collateral attack of an old rating decision. This court, sua sponte, reviewed the rating decision and found it did not comply with the same regulation extant in Mr. Vest's case in 1971. So it's not that equitable tolling would be invoked or the good cause requirement, just as in AG. The decision itself never became final. And so when Mr. Vest filed with the agency in 2019, he was drawing the agency's attention to the fact that the old rating decision had not, in fact, become final. The agency denied Mr. Vest's claim. This is a denial of entitlement to an earlier effective date or retroactive compensation. So, Mr.— Could I just ask a question about what really is going on here? The claim that we're talking about is the claim for compensation for tinnitus, right? Yes, Your Honor. Okay. Now, in order for the board to operate on a claim, there has to be a nod, right? The nod is like a jurisdictional vesting document. There's been a holding that the February-March—they treat it as March 1972—letter from your client to the secretary did not constitute a nod as for tinnitus, correct? Yes, Your Honor. And you have not appealed that holding. You have not challenged that holding. In fact, the board, the CAVC, treated that point as being abandoned because you didn't challenge it. Yes, Your Honor. So, if there's no nod as to tinnitus, how can the board have made a mistake in not considering the finality? And how could, if there is no jurisdiction over the tinnitus claim at all, at the BVA, as the CAVC held, there's no jurisdiction in it over that claim? And so, why isn't the CAVC decision, which dismissed your appeal for one of jurisdiction, correct? The notice of disagreement conferring jurisdiction to the board was filed here in June 2020. So, Mr. Vest approached the agency, evinced a belief that the 1971 rating decision had not become final. The theory was that there was a pending notice of disagreement filed in 1972. That's a theory of entitlement to an earlier effective date, much like defective notice, much like clear and unmistakable error. So, that's simply a theory. So, that theory was raised to the agency. The agency denied. In June 2020, Mr. Vest filed a notice of disagreement, which vested jurisdiction in the board to preside over the matter of his entitlement to disability benefits for tinnitus. When the board denied, Mr. Vest appealed to the Veterans Court. So, the Veterans Court was faced with a situation where it has, number one, a notice of disagreement filed on or after November 1988. It was filed in June 2020. The Veterans Court did not dispute that point. And number two, a final decision of the board with respect to the larger matter of disability benefits for tinnitus. Because the board's jurisdiction was not limited solely to the theory of entitlement of whether a notice of disagreement was pending or not. The board is vested with jurisdiction to preside over all questions in a matter. When a veteran's objective is disability compensation, the matter is entitlement to disability benefits. So, the board denied Mr. Vest's entitlement to disability benefits. So, the Veterans Court had a notice of disagreement filed on or after. Well, your argument, it's irrelevant that there never was a nod as to, actually, to the September-December issue. Well, you're saying that there was a nod in 2020 with respect to that. Yes, because in 2000— Fifty years later. Well, because the agency's decision in 2019 rendered it final when the agency found there was no notice of disagreement. So, that can be understood as a denial of entitlement to an earlier effective date. The agency said, no further word from us on the tinnitus issue. That document didn't constitute a notice of disagreement. No more action will be taken. That denial did not come until 2019, and it was appealed via the June 2020. Within one year, that was appealed to the board. So, the board's jurisdiction was not limited solely— Where do we find in the record the 2020 notice of disagreement? That would be in the appendix at page 65, Your Honor. Sixty-five? Yes, Your Honor. Okay. Well, and the question is whether or not that March 72 letter— Actually, it's a March 72 stamp on a February letter, right? Whether that constituted a nod. And the answer was, no, it's not a nod. Yes. And you don't appeal that. This doesn't seem to be a new nod. This seems to raise the question that Judge Clevenger just mentioned. Well, Your Honor, when the veteran's objective is disability benefits, specific language may be included in a notice of disagreement. But to be clear, there is no nod that was filed with respect to the decision that you're seeking to review here now. This notice of disagreement, Your Honor, would be that nod that you are referencing. This conveyed jurisdiction— Your Honor, because it says whether the March 10 letter constitutes a nod. Yes, Your Honor. But this question is one question within the broader matter of entitlement to disability benefits. And the board's jurisdiction empowers it to preside over all questions in a matter. The Veterans Court recognizes— To start off, the issue has to get in play with a nod. The whole subject matter, entitlement, effective date, whatever, for tinnitus, there has to have been a nod as to that claim in order for the BVA or the CAVC to operate on the subject matter. The subject matter includes the question of whether there was a defective notice, right? Yes, Your Honor. But there has been no nod with respect to the 72 letter. The only potential nod was the 72 letter, and it has been adjudicated not to be a nod. I mean, I might have disagreed with that, but you chose not to challenge that. Could I just ask one question which puzzled me, which I think what— your prayer for relief to us is for us simply to vacate the CAVC decision, send it back, and tell them they have discretion to entertain the argument, and they should exercise that discretion one way or the other. That's your—here. But the endgame is you want an earlier effective. You want to get back to 1971 for an effective date for the 60% tinnitus, right? Yes, Your Honor. How do you get there? Well, just like in— Why does the fact that there was a claim filed with no evidence of any effective hearing loss as of that date, how can you get back to that earlier date? Your Honor, it's understood that this court is not in the business of applying the law to the facts of a given case. I'm just—this is outside the scope. I'm just trying to understand how the argument is put together if you are able to establish that there was no notice as to the appeal rights. Your Honor, AG v. Peek does provide the Veterans Court with a roadmap of what it could and should have done in Mr. Vest's case, and that is because in AG— But to get the earlier effective date, there has to be some merits connection with the degree of disability and all that, doesn't there have to be? Yes, Your Honor. So in 1971, a decision was issued granting service connection for tinnitus but assigning a non-compensable disability rating. An effective zero rating. Yes, Your Honor. And so if, in fact, that decision is viewed as not having become final, the agency would be able to look at the evidence from now back to 1971 and this could include any new evidence that may come in the record, to potentially look at an increased disability rating for that period. So the objective is retroactive compensation. I understand that. Yes, Your Honor. And so just as in AG v. Peek, the only theory that had been raised before the agency, before the Board of Veterans' Appeals, was one of clear and unmistakable error. This court recognized that it was within its jurisdiction as a federal court to sue a sponte, review it, and say that the original rating decision had not become final. But in that case, there had been, at some point in time, a nod as to the subject matter of the case. But in this case, from my perspective, you're burdened with a decision that there has never been a nod with respect to tinnitus. And if there's never been a nod with respect to tinnitus, the Board has nothing to operate on within the overall subject matter and neither does the CAVC. There's no claim pending under those circumstances. It's not a question of ignoring a new argument. It's just that it's saying you don't have jurisdiction unless there's a claim that's been perfected. Yes, Your Honors. But the Board is the arbiter of its own jurisdiction, and the Board would never have been able to docket Mr. Vest's appeal were there no notice of disagreement vesting jurisdiction within the Board. Just think about what you're doing. You have a situation here where in 2014 or 15 or 16, the veteran came in later and then was able to establish, based on hearing condition at that time and shortly before, an entitlement to a 60% rating. And what you're, in essence, saying is that where someone who has never filed a nod, let's assume that factually the March 72 letter didn't exist because that's what the holding is that it's nothing as to a nod. So on your theory of the case, a veteran can come in 25, 30 years later or whatever, get a 60% rating, and then go back and say, oh, well, there was something that happened earlier that wasn't a nod, didn't put the issue in play, but 20 years later I'm putting an issue in play, and you get a backward sweep through the records all the way back. I think that's affecting what you're arguing, correct? Yes, Your Honor. And per the Veterans Court's authority, a contention that an old rating decision never became final is outside of the ambit of an illicit freestanding finality claim. So Mr. Vest's position is that his claim was not subsumed within a 2016 decision. That granted service protection for Meniere's disease, but the claim in 1971 was for tinnitus. And so when he came to the agency – Well, it's Meniere's and tinnitus. Yes, Your Honor, and hearing loss as well, which the board found that the hearing loss claim from 1971 had never become final. And the board would not have been able to make that finding if Mr. Vest's claim were, in fact, a freestanding finality claim. So it was the board's denial that vested jurisdiction within the Veterans Court to consider its denial of entitlement to benefits. If a claim is not final, is there still a requirement to file a notice of disagreement in order to bring the case up for an appeal? In order to bring the case up for an appeal, there must be, yes, Your Honor, some sort of – So in the only way that the – the only NOD that you're relying on is the one at 65, Appendix 65. Yes, Your Honor, that is correct. And we know from – in Magee v. Vest that a decision of the board is binary. It is one in which benefits are granted or benefits are denied. The theory of a pending notice of disagreement is not a benefit. The board cannot deny that. The board denies benefits. And that is merely a theory of entitlement. So the board was vested with jurisdiction over the matter of entitlement to retroactive compensation for tinnitus. So when the board denied Mr. Vest's appeal, there was no indication any further action would be taken with respect to the tinnitus claim. When he appealed to the Veterans Court, the Veterans Court had jurisdiction to preside over the matter of entitlement to disability benefits for tinnitus. So it had jurisdiction. Whether it wanted to entertain a novel legal theory that was presented before it is a downstream question. Okay, I think we're out of time. Can I just ask a question? Go ahead, sure. Yes. When you filed your letter arguing that the March 72 letter was a nod to the September 71 determination, isn't that necessarily premised on the view at the time that the September 71 determination was final and appealable? So I guess what I'm wondering is why were you pressing the idea that that September 71 determination was final when you were arguing that March 72 letter was a nod to the VA and then to the board, but then when you got to the Veterans Court and you appealed the board's determination, you kind of switched forces and now said, oh, well, you know, there never could have been a legitimate nod by me because there never was a final determination in September of 71. So I can't quite follow what your strategy was. Yes, Your Honor. And speaking as counsel for the entirety of all of these pleadings and filings, it could, at the Veterans Court, a second review of the record revealed that the decision itself had not become final, that it did not include appellate rights. That was not ascertained in 2019 when the contention was made that there was a pending notice of disagreement. So if it was non-final, then there never could have been a legitimate notice of disagreement. Well, the board viewed a notice of disagreement as pending with respect to a different decision, but yes, Your Honor, there could not have been a notice of disagreement filed within one year. The notice of disagreement was properly filed in June, 2020. Then the board could never have had jurisdiction over the tinnitus claim because there was never a legitimate nod. Well, Your Honor, in 2019, when Mr. Vest approached the agency of vincing a belief, this rating decision had not become final. This is a claim for disability benefits for retroactive compensation. And per the Veterans Court's authority, if all theories pertain to the same benefit for the same disability, it is the same claim. So a pending notice of disagreement is a theory within the claim of entitlement to disability benefits. When Mr. Vest changed tack at the Veterans Court and argued that the decision did not contain appellate rights, so there was defective notice, this is another theory pertaining to the same benefit for the same disability. I understood you say earlier, you still have to file eventually a notice of disagreement, correct? Yes, Your Honor. And you say that A65 is that notice of disagreement. And if we disagree with you and say that A65 is not a sufficient notice of disagreement, you lose, right? Well, Your Honor, the Veterans Court in its decision made the finding that it's bound by all Answer my question. Yes or no? If this court were to find that the June 2020 notice of disagreement is procedurally invalid. Or doesn't raise this issue. It's not a sufficient notice of disagreement. You lose, right? If this court were to find that, yes, Your Honor. However, that would go against this court's jurisprudence in AG, where it solely reviewed a theory of clear and unmistakable error, and that was it. So their appellant's counsel only raised Q to the agency, that was the only decision, was no Q. It went to the Veterans Court, said Q. Veterans Court said no Q. On appeal to this court, this court was able to look at the decision in the first instance and find there was in fact defective notice. Okay, I think we're about out of time. Unless there are further questions. We'll give you two minutes for rebuttal. Thank you, Your Honor. Mr. Faulkner. Good morning. Good morning. Do you agree that A65 is not a sufficient notice of disagreement? Yes, Your Honor. I agree. And I agree that it also means there's no jurisdiction. What are the consequences then? Is there any jurisdiction in the board over the tinnitus claim? So the tinnitus claim at this point in the board, no, Your Honor. I don't think so. I think it would have to be a Q. Okay, so what we're talking about here is a tinnitus, tinnitus claim for which Mr. Best has actually been granted service connection and a 60% rating at a later stage in the game, but this is all an earlier stage, right? Yes, Your Honor. So if indeed there is no nod that is existing on the tinnitus claim in order to allow the argument about the defective notice, right, and then there's no jurisdiction in the board to have dealt with that, then there's no jurisdiction in the CAVC to deal with that, correct? Correct, Your Honor. And the CAVC posited its decision on jurisdiction. It dismissed, right? It didn't affirm the decision. It dismissed. And yet in your brief to the CAVC, you said that court had jurisdiction and you're arguing to us that they continue to have jurisdiction and they had discretion to entertain this argument if they wished and they elected not, right? Yes, Your Honor. That was the argument in my brief. Yeah, but I don't understand that. First place, show me somewhere in the CAVC decision where they indicated they were exercising discretion not to hear the argument as opposed to saying we don't have jurisdiction to reach it. Can you walk me through the CAVC decision? Yes, Your Honor. So that's pages 5 to 7, and I would agree that's not – it doesn't say we're exercising our discretion. Those words aren't in there. What language in the – from 5 to 7 indicates the exercise of discretion? So, Your Honor, we read that. The first is the Magic case, of course, which deals with the discretionary issue. Oh, there was a knob filed in that case. Yes, and upon further reflection, even if you look at that in the appendix at 7, there's a reference to page 1376 of Magic, which is actually a discussion of Ledford. Let me come back and push you a little harder. Are you now arguing that we should affirm the case on the grounds that there was no jurisdiction here? Yes, Your Honor. Or is this a merits matter? No, I think it's a jurisdictional matter, Your Honor. Because a knob was never filed. That's right, Your Honor. Okay. So you see where I'm coming from. I mean, the VA made one – you made one argument to the CAVC saying you have jurisdiction, and now you're telling me that you agree the CAVC disagreed with you and felt we didn't have jurisdiction. Secondly, you make a big implicit denial argument. You say we shouldn't worry about this anyhow because it's been implicitly denied. And you say in your brief that the CAVC held that there was a dismissal, an implicit denial. Please show me in the CAVC where they made that holding. So in that opinion, that's on pages 6 to 7 when it talks about the finality of it. So it doesn't say this is implicitly denied. It talks about the finality of the July 2016. How can you say in your brief they held that? I'm sorry, Your Honor. I would have to look at the specific language. I don't understand the whole basis for the implicit denial argument. The theory is there's no claim that was ever perfected, so I don't understand how it could be implicitly denied. Well, so I think that was maybe the alternative. If there is a pending claim from September 1971, even if there were, it would have been implicitly denied with a grant of service connection at 60% effective December 10, 2015. So I think you have other cases like Williams and Monroe where they talk about those issues and say if it's an identical claim, then it's implicitly denied. Okay, but Judge Clevenger is right that the CAVC never addressed that. Yes, Your Honor. Okay. It just troubled me because I think your brief at page 20 was where in particular you said, well, yes, there's been a holding of implicit denial. Your Honor, my apologies if we overstated that. Well, you need to do more than apologize, I think, in a way, because it's suggested to me that the VA is worried that they're afraid that there's some merit here when you are bouncing back and forth as to whether there's a merits case here or whether there's a jurisdictional case. And then when you manufacture a holding that just doesn't exist, it made me think, oh, you're a little frightened, right? Your Honor, I wouldn't say we're frightened, no, Your Honor. It's just an argument made in the alternative. It's sort of strange here because there is a live or there was a live tinnitus claim in the system at some point in time because an award of 60% was given, correct? Yes, Your Honor. So there was and that came up from a decision by an RO, right? And the award was granted. Now, at one point in time, Vest says somewhere in his briefs that they actually filed a nod on the 2016 60% rating. Yes, Your Honor. So there's in the system a claim for tinnitus that had a nod, right? Yes, Your Honor. And that's operating here. So I think basically what Vest is trying to argue is that that fact that the tinnitus claim has been nodded into the system, from the RO to the BVA, hasn't been to the CAVC, but they think it's there. But that's sufficient in order to take AG Peek and go sweep backwards because AG Peek, in essence, says sort of the worst thing you can possibly do is fail to give a notice of appeal rights. I mean, there's the feeling because in AG against Peek, we reached out to a spotting, right? Yes, Your Honor. So why isn't the existence of the claim upon which relief has been given, 60%, why isn't that just sufficient to keep alive all this argument they're making about defective notice? So I think two things there, Your Honor. The first is that with AG v. Peek, there was no jurisdictional holding. I went back and looked at the Veterans Court decision, and it appeared that the court had jurisdiction to address those issues. So it's kind of different in that respect. There was a nod. Yes, exactly. What I'm saying is there has been a nod somewhere in the system for tinnitus. Yes, Your Honor. But that decision, the November 28 decision that eventually affirmed the July 2016 decision became final. There was no NOD with respect to that 2018 decision. There was no request for an earlier effective date for that award based on the ground that there had been a defective notice and lack of finality, yada, yada, right? Precisely, Your Honor. That would have been the time on direct appeal to advance those arguments to say we're actually entitled to an earlier effective date. In this case, both the board and the CAVC said, well, there is a remedy here for Mr. Vest. Can you explain to me what the theory of that remedy is? Yes. So I think on the last page of the Veterans Court decision, it says if you want to go back to the regional office and present this claim in the first instance about the finality, that you can do that and then proceed through the normal appellate procedure. Raising it would be filing a NOD. With respect to the – yes. Well, you would raise it with the RO, the RO would turn you down, and then you would not have to turn down. Yes, yes. But, yes, you'd go back to the regional office and file the claim in the first instance. So that's what they suggested. And it would be an AGP-type argument at the RO. And then they could flesh out all these disputes about tolling of tolling and those issues from the 1971 and the applicable regulations. And then we've got this regulation that says basically you're out of luck, right? That's the implication of the regulation in our reading, I guess. That's the thing that the President and Residing Judge mentioned initially. Yes, Your Honor. And then apparently the agency has been uneven in application of that regulation. They've enforced it sometimes, but not otherwise, right? So I'm aware of board decisions where they enforced it, Your Honor. I guess I didn't see the opposite. So you're basically – By the time of AG, the regulation had been changed. Yes, Your Honor. It was changed effective January 1, 1980. So it would have been repealed in 83, and that would have been effective as of January 1, 1980. But from the point of view of where you're standing talking to us now, you're telling us we should affirm on the grounds that there was no jurisdiction, which is the basis – which is the way the decision is written by the CABC, correct? Yes, Your Honor. But you're no longer arguing to us that the board – that the CABC properly exercised its discretion to refuse to hear the argument. So that was our original take of the opinion. I understand the court's point. I understand Mr. Vest's point. Looking at it again – I'm just trying to get clear that if we wrote a big opinion here and said exactly what had happened, the government at oral argument shifted grounds and asked us to treat the case differently than the way their brief asks us to treat the case. Yes, Your Honor. I'd be happy to submit a supplemental brief, you know, if that would be helpful to the court in terms of with respect to 1752 and the jurisdictional issues. Your position now is there was no jurisdiction because a nod with respect to the September 1971 decision had never been filed. Yes, Your Honor. There's just – there's no jurisdiction, especially when you look at the Veterans Court. That jurisdiction is based on a decision of the board, and that comes from the nod, as the court's been saying. And it just wasn't there. There was no decision on the board at that point because it was never raised. Okay. Again, I'm happy to submit a supplemental brief. What was the CABC trying to tell us when they said, we'll dismiss this portion of the appeal? I'm looking at Appendix 7 in the decision. They're talking here the filing – the 72 filing was not a nod. Okay. Yes, Your Honor. And he abandoned that issue because when he got to the CABC, he was no longer making the argument that he had made to the board. Yes, Your Honor. Was there an effective nod? So the court will dismiss this portion. Well, what portion of the appeal that was abandoned? What portion of the appeal was not abandoned? So I read that based on the Mr. Vest therefore abandoned the issue whether the March 1972 filing was a nod with the VA initial decision concerning tinnitus. Tinnitus has to refer to the September 1971 decision. So I think that's just stated again that's been abandoned and they dismissed that portion of the appeal. Right. But, I mean, basically that's all that has to be written in their decision to deal with the case. I agree, Your Honor, and I think that's where some of the – I'm just puzzled because there's just the same way that there was more in your brief than I thought needed to be there to decide the case. Yes, Your Honor. There's more in this decision, it seemed to me, that needs to decide the case. Yes, Your Honor. If there's no nod, there's no game. Yes, Your Honor, I agree. And I think in this case one led to the other. I don't have any further questions. All right. Any further? If there's nothing further than yes, Your Honor, I would just affirm that, yes, we believe this case can be dismissed as there's no jurisdiction to the Veterans Court. That was the proper decision of the Veterans Court, and it can be affirmed on those grounds. Thank you. Thank you. Ms. Sundy, you have two minutes. Thank you. The February 2020 regional office decision finding that there was no pending notice of disagreement, therefore the claim had been finally adjudicated, signaled to Mr. Vest that no further action could be taken on his entitlement to disability benefits for tinnitus. When he filed a notice of disagreement with that decision in June 2020, his filing met all of the requirements for a notice of disagreement under 38 USC Section 7105. Using a form prescribed by the Secretary, Mr. Vest indicated disagreement with the determination of disability benefits for tinnitus. This vested jurisdiction in the board. If the notice of disagreement were in any way insufficient on the matter of substantively entertained Mr. Vest's arguments, which it did, the Veterans Court then, in accordance with Knowles, would have had to vacate ultra viris any substantive entertainment of Mr. Vest's tinnitus argument that the board had within its decision. But the Veterans Court did not. And that is because the question of whether a notice of disagreement was pending, the question of defective notice, these are theories of entitlement pertaining to retroactive compensation for tinnitus. And so just as the board was empowered to decide all questions within that matter. Well, my problem is I think that what you pointed to at page 65 in the appendix as the hook to keep your case alive, which raised the question of whether that letter constituted a nod and thus whether the nod remains pending, right? Is an inartful way to express, I think, what you had in mind, which was to say in X, your specific issue in 2020 was whether you were entitled to an earlier effective date for your award of compensation on tinnitus because you believe that the claim you made back in 71 was never finally adjudicated, it wasn't final because no notice of appeal rights had been given to you. I think that's really what that nod, what these words you're saying, these words were meant to convey, right? If you had written those words, if the 2000 nod you're pointing to had said just what I said, we're asking for an earlier effective date because of an earlier date, right? If you'd said that, we would be talking about a different case, wouldn't we? No, Your Honor, because presumably the same notice of disagreement in AG solely said whether there was Q in a 1981 decision. And so... But this doesn't say whether there was Q. Well, Your Honor, that's usually... I mean, that's the same, what the nod said in AGP, I think, is for that case comparable to what the argument you're making here. Your Honor, that's meant to be used as an example that a specific language evincing a theory of entitlement does not limit the board to reviewing that theory. So if an appellant were to write direct service connection for tinnitus, the appellant... Let me help you a little bit more. Part of your argument is that the 1972 letter couldn't have constituted a nod because there was nothing to nod from because there wasn't a final decision. That's the argument you frame in your briefs, right? That in 2019, that determination could be appealed. The determination that there was no notice of disagreement pending. That vested jurisdiction in the board. And, again, the board would not have been able to dock at the appeal if there were no notice of disagreement conferring jurisdiction. And, in fact, the Veterans Court noted in its decision that the board rightfully took jurisdiction over the appeal. So there was no issue that was ascertained at the board or at the Veterans Court related to no jurisdiction conferring. The original filing clearly was a nod as to the hearing loss, and that's been found and not disputed. The question is whether or not it carried with it a nod to a second claim, tinnitus. Which the Veterans Court found that that was the issue before the board. So the BVA clearly had jurisdiction initially to decide the scope of the nod. Yes. And they decided that favorably to your client as to the hearing loss, unfavorably as to tinnitus. Yes, Your Honor. And with that unfavorable decision, that can only be viewed as a denial of benefits. If it's not a denial of benefits, it's something. It would fit outside of the Magie rubric of a final decision of the board is one in which benefits are granted or benefits are denied. And with respect to tinnitus, it was not a remand. It was not a referral. It was not some sort of interlocutor ruling. Right, but that goes to the merits of the question of whether or not the filing was a nod as to tinnitus. Yes, Your Honor. However, Ledford v. West does not stand for the notion that appellants can so effectively water down their claim via specific language included in appeal that they're no longer even seeking benefits. I'm just, I mean, I might have, if I had been a board member or a CAVC member, I might have looked at that filing and said, yes, this is a sufficient nod as to tinnitus. But it's too late to do that, and you're not, that isn't the gravamen of your appeal to the CAVC or to us. Well, Your Honor, on authority from the Veterans Court, appellants can't limit the issue to where they're no longer even seeking a benefit. So in Bernard v. Brown, the appellant's position was that the only issue was whether new and material evidence had been presented. And the Veterans Court corrected the appellant and said, no, it's broader. It's the matter of entitlement to disability benefits because it is axiomatic. But this looks like a freestanding finality claim, which Knowles and other cases say doesn't exist. You have to perfect it in a way to bring it up. And you seem to agree that the way to perfect it is to file a notice of disagreement. And if we don't find that you did that, then there's no jurisdiction in the Veterans Court. Well, if this were a freestanding finality claim, Your Honor, the board would not have been able to make the favorable determination with respect to the hearing loss issue. And the Veterans Court was bound by that. No, because there was an NOD with respect to that. The March filing was found to be an NOD as to hearing loss. Yes, Your Honor, but that was not the notice of disagreement that the board found conveyed jurisdiction upon it. It was the 2020 appeal that conveyed jurisdiction to the board to look at the matter of entitlement to disability benefits for tinnitus and to entertain that one theory. When the board decided the tinnitus issue unfavorably, this was a denial of benefits. When Mr. Vest appealed that to the court, the court was empowered to preside over the matter before the board, entitlement to disability benefits. And when he presented a novel argument to it, the Veterans Court had jurisdiction over the appeal and had jurisdiction to entertain the argument. It was ultimately up to its discretion, a downstream inquiry, as to whether it wanted to substantively rule on that argument or not. Okay, I think we're out of time. Let's go to questions here. Thank you. Thank you. Thank you, counsel. The case is submitted.